■ TRI-BECA FOODS, INC., Respondent, v HANOVER RIVER HOUSE, INC., Appellant. — Order of the Supreme Court, New York County (Ryp, J.), entered January 7, 1982, unanimously modified, on the law and the facts, to the extent of striking therefrom the first decretal paragraph and substituting therefor a proviso enjoining defendant from refusing to execute such application forms as may be required by plaintiff in order to alter the demised premises to conform to the requirements of the lease between the parties and, except as so modified, affirmed, without costs. Plaintiff is the sole commercial tenant in premises 335 Greenwich Street, New York City. The building is a co-operative. All other tenants are residential and the terms of their tenancies are set forth in the proprietary leases. Plaintiff's lease was entered into as of March, 1981, and covers a portion of the ground floor and basement. At the time of its entry, the store premises were virtually a shell and the parties contemplated their conversion into a restaurant. They were aware that, to accomplish this objective, substantial alterations would have to be made. Accordingly, the landlord covenanted that it would "execute all necessary applications in

connection therewith." The tenant, on the other hand, was required to use due diligence in obtaining all of the permits and licenses necessary to perform such work. In April, 1981 the tenant submitted to the landlord plans for alterations which were prepared by an architect. The landlord objected to the second means of egress and the placement of the exhaust fan envisioned by these plans. When negotiations failed to resolve the dispute plaintiff brought this action for specific performance and damages and moved for a temporary injunction. Defendant cross-moved. Special Term granted the plaintiff's motion and denied defendant's cross motion, and defendant appeals. Our difference with Special Term lies in the breadth of its order. It granted a mandatory temporary injunction requiring defendant to specifically perform all provisions of the lease including execution of the application forms in question. At this stage of the proceedings the only issue in dispute is the refusal of defendant to approve the plans required to secure permits and licenses requisite to the making of alterations necessary to put the demised premises in the condition contemplated by the parties at the time they entered into the lease. The temporary injunction should have been tailored to meet this exigency. We modify accordingly. Concur — Carro, J. P., Silverman, Bloom, Fein and Kassal, JJ.